UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 99-77 ML |
| | : | |
| WILLIAM YOUNG | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant William Young ("Defendant") is in violation of the terms of his supervised release and, if so, for a recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, hearings were conducted on August 8, 14, and 21, 2012. At the August 21st hearing, Defendant, both personally and through counsel, waived a violation hearing and admitted that he had violated the terms of his supervised release.[1] Based on this admission, I find that Defendant has violated supervised release. For the reasons stated herein, I recommend that Defendant be sentenced to a term of imprisonment of 22 months and that no further term of supervised release be imposed.

---

[1] Defendant admitted only that the Government could present sufficient evidence to sustain its burden of proof at a violation hearing. The admission was so limited because the conduct constituting the violation resulted in state criminal charges which are still pending against Defendant.

## Background

On December 17, 1999, Defendant appeared before now Chief U.S. District Judge Mary M. Lisi for sentencing on a charge of distribution of cocaine in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C) (a Class C felony). He was sentenced to 151 months of imprisonment to be followed by a term of supervised release for 36 months with the special condition that he participate in a drug treatment program with testing. A $100 special assessment was also imposed. Supervised release commenced on April 30, 2010, with an expiration date of April 29, 2013.

On or about August 3, 2012, U.S. Probation Officer Derek Dufresne initiated a Petition for Warrant for Offender under Supervision (the "Petition"). The Petition alleged that Defendant had in two instances violated the standard condition of supervised release that he not commit another federal, state, or local crime. See Petition at 1. In response to the Petition, Judge Lisi ordered the issuance of a warrant on the same date. See id. at 2. The warrant was executed, and on August 8, 2012, Defendant appeared before this Magistrate Judge to answer to the Petition.

## The Violation

The Amended Supervised Release Violation Report[2] (the "Amended

---

[2] On August 9, 2012, U.S. Probation Officer Clara M. King submitted an amended supervised release violation report to correct an error in the original report. The original report erroneously indicated that the maximum term of supervised release for the underlying offense was 36 months. See Supervised Release Violation Report at 3, 4. The Amended

Violation Report") dated August 9, 2012, states that Defendant has violated the following condition of supervision in the manner described:

**Standard Condition: While on supervision, Defendant shall not commit another federal, state, or local crime.**

<u>First Instance</u>: Defendant was arrested on July 23, 2012, following a four-month investigation conducted by members of the Newport police vice/narcotics unit for committing the offense of conspiracy to violate the Controlled Substance Act (3 counts). According to the arrest report, Defendant supplied cocaine to be sold to a confidential informant on February 28, March 7, and March 12, 2012, in Newport, Rhode Island. At the time of each transaction, the confidential informant had been equipped with an audio/video recording device and audio transmitter. The informant purchased $100 of suspected cocaine on each date and upon retrieval from the Newport police, it tested positive for cocaine. The cocaine and audio recordings were secured as evidence. On July 24, 2012, Defendant appeared before the Second Division District Court and was arraigned on charges of conspiracy to violate the Controlled Substances Act (3 counts) (case #: 22-2012-1715). He was held without bail and placed at the Adult Correctional Institutions ("ACI") Intake Unit.

---

Supervised Release Violation Report ("Amended Violation Report") states that the underlying offense has a potential life term of supervised release. See Amended Violation Report at 3, 4.

**Second Instance**: On July 23, 2012, Defendant was arrested by members of the Newport police vice/narcotics unit following a four-month investigation for conspiracy to violate the Controlled Substances Act. He was apprehended after a motor vehicle stop in front of his residence. A search of Defendant's vehicle resulted in the confiscation of crack cocaine from the center console and a small amount of marijuana. In connection with the investigation, a search warrant was executed at Defendant's residence in Newport, Rhode Island. Officers located a black sock that contained nine individually-wrapped bags of crack cocaine and a bag of powder cocaine in Defendant's bedroom. Officers also found a bag of marijuana, a digital scale, bags, six watches, and various personal items that contained Defendant's name.

The total amount of crack cocaine seized weighed 5.3 grams, and the total amount of cocaine seized weighed 5.5 grams. Additionally, the marijuana seized weighed 113 grams. A digital statement was taken from Defendant, and he admitted to selling cocaine in the woods across from his house as well as from his two motor vehicles.

On July 24, 2012, Defendant appeared before the Second Division District Court and was arraigned on charges of manufacture/possess/deliver a Schedule I/II substance (2 counts) (case #: 22-2012-1716). He was held without bail and placed at the ACI Intake Unit.

**Travel**

Defendant appeared before this Magistrate Judge on August 8, 2012, at which time he was advised of the contents of the Petition. Defense counsel, Michael P. Fontaine ("Mr. Fontaine"), then requested a continuance in order to confer with Defendant relative to whether he wished to have a violation hearing. The Court granted this request, and the hearing was rescheduled for August 14, 2012. Defendant was ordered detained pending that hearing.

On August 14th, new defense counsel, Joseph J. Voccola ("Mr. Voccola"), stated that Defendant intended to waive a violation hearing and admit to the violations. However, Mr. Voccola requested a further one-week continuance in order to determine whether the pending criminal charges against Defendant would remain at the state level or whether they would become federal charges. The Court granted his request and rescheduled the hearing to August 21, 2012. Defendant was ordered continued detained pending the next hearing.

At the August 21st hearing, Defendant, both personally and through counsel, waived a violation hearing and admitted to the violations contained in the August 9, 2012, Amended Violation Report.[3] This admission satisfied the Court that there was an adequate basis for finding that Defendant had violated the conditions of supervision. After listening to counsel for the

---

[3] See n.1.

Government and the defense regarding what sentence should be imposed for the violation, the Court stated that it would recommend a sentence of 22 months imprisonment with no further term of supervised release to follow.

## Law

**Statutory Provisions**

A defendant whose term of supervised released is revoked pursuant to 18 U.S.C. § 3583(e)(3) may not be required to serve more than five years in prison if the offense that resulted in the term of supervised release was a Class A felony, not more than three years in prison if the offense was a Class B felony, and not more than two years in prison if the offense was a Class C or D felony. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than 2 years imprisonment upon revocation.

Section 3583(h) of Title 18 of the U.S.C. provides that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release (here life),

6

less any term of imprisonment imposed upon revocation of supervised release.

**Sentencing Guidelines**[4]

Section 7B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") provides for three grades of violations. Section 7B1.1(a) of the U.S.S.G. states that a Grade A violation consists of: (A) conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense,[5] or (iii) involves possession of a firearm or destructive device; or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Conduct consisting of any other offense punishable by a term of imprisonment exceeding one year constitutes a Grade B violation. Conduct constituting an offense punishable by a term of imprisonment of one year or less, or violation of any other

---

[4] The Sentencing Guidelines are advisory. See United States v. Paneto, 661 F.3d 709, 715 (1st Cir. 2011)("The federal sentencing guidelines are advisory, not mandatory.")(citing United States v. Booker, 543 U.S. 220, 245, 125 S.Ct. 738 (2005)).

[5] The term "controlled substance offense" is defined in §4B1.2(b) of the U.S.S.G.

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. §4B1.2(b).

condition of supervision, is classified as a Grade C violation. Section 7B1.1(b) provides that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade. In this case, Defendant has committed a Grade A violation based on the Amended Violation Report. Section 7B1.3(a)(2) states that upon a finding of a Grade A violation the court shall revoke supervision.

Pursuant to §7B1.4(a) of the U.S.S.G., the criminal history category is the category applicable at the time the defendant originally was sentenced. In this instance, Defendant had a criminal history category of VI at the time of sentencing. The Revocation Table contained in §7B1.4(a) of the U.S.S.G. provides that for a Grade A violation with a criminal history category of VI an imprisonment range of 33-41 months is applicable. However, based on statutory limitations, the maximum period of imprisonment is 24 months.

## Discussion

**Government's Recommendation**

Assistant U.S. Attorney Mary Rogers ("AUSA Rogers") did not make a specific recommendation regarding what sentence should be imposed for the violation. However, she indicated that if the Court wished to give Defendant some consideration for waiving the violation hearing, the Government did not oppose such action. AUSA

8

Rogers additionally recommended that no term of supervised release be imposed.

**Defense Counsel's Recommendation**

Like the Government, Mr. Voccola did not make a specific sentencing recommendation. However, he noted that Defendant had the fortitude to admit to the violation and that Defendant had not burdened the Government by requiring that it prove the violation. In addition, Mr. Voccola observed that Defendant's mother and father had passed away and that he had spent a long period of time in prison. While acknowledging that there was no excuse for the violation, Mr. Voccola observed that Defendant is remorseful. Mr. Voccola also opined that Defendant had not fully understood the gravity of what would happen if he violated the terms of his supervised release. Now, however, Defendant fully understands the consequences of his actions. Mr. Voccola concluded by stating that Defendant's girlfriend is the bright spot in his life and that she makes Defendant want to improve his life.

Defendant was afforded the opportunity to address the Court regarding what sentencing recommendation should be made. He declined.

**Court's Recommendation**

The fact that Defendant has reverted to the same type of criminal activity which previously resulted in his receiving a 151 month sentence of imprisonment is a highly aggravating

9

circumstance.  It weighs heavily in favor of imposing a sentence at the high end of the guideline range.  Defendant's conduct shows a total disregard for the welfare of the community as he continues to engage in behavior which is highly destructive and harmful.

The only mitigating circumstance which warrants any consideration by the Court is that Defendant has waived a violation hearing and admitted to the violation.  This spared the Government the burden of presenting witnesses and also spared the Court the burden of conducting an evidentiary hearing.  Consistent with this Magistrate Judge's practice, I find that Defendant's admission warrants a slight downward reduction in the sentence which would otherwise be imposed for the violation.  Accordingly, I recommend that Defendant be sentenced to a term of imprisonment of 22 months which is 2 months less than the maximum available term of imprisonment.

I also recommend that there be no further term of supervised release.  Such term would not be a wise utilization of the Probation Department's limited resources.  In addition, the amount of imprisonment after completion of the 22 month sentence will be too short (2 months) to provide an adequate deterrent against future violations.

## Conclusion

After considering the various factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that

Defendant be sentenced to a term of imprisonment of 22 months and that no further term of supervised release be imposed. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


*/s/ David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
August 29, 2012